(Superior Court of Cincinnati.)

General Term.

## DAVID J. HAUSS v. JOSEPH RENNER.

Where no time is agreed upon for the completion of a contract, it must be completed within a reasonable time under all the circumstances; and what would be a reasonable time is a question for the jury under proper instructions by the court.

---

HUNT, J.; Smith and Jackson, JJ., concur.

The petition in the case declares upon a contract to construct and equip the building of the defendant in error, Joseph Renner, located at No. 403 Vine street, Cincinnati, with an electric lighting plant, consisting of certain machinery of several items at specified prices, the total aggregating $662.75; that after the plaintiff in error, David J. Hauss, had gone to large expense in the purchase of materials and for labor, and while engaged in carrying out his contract, the defendant in error, Joseph Ren-

ner, without just cause, stopped the work; that the plaintiff in error was able and will ing and ready to perform his part of the contract, and by reason of the failure of the defendant in error .to perform his contract he has been damaged in the sum named.

The defendant below, by his answer, admits that he accepted the proposal for the machinery and appliances, but did so upon the express condition that when in position they would operate to the entire satisfaction of the defendant below, and that the defendant below, Joseph Renner, was not obligated to pay for any part of the electric light plant until the same operated to his own satisfaction.

The defendant further claims damage in the sum of $1,233.66, by way of cross-petition, in that the failure on the part of the plaintiff to perform his contract involved him in certain expenses set forth in the pleading in regard to certain parts of the machinery, and for making certain connections and the reasonable cost and expenses of a small building which was built upon the premises of the defendant for the purposes of this machinery.

On submission of the cause the jury returned a verdict for the defendant on his cross-petition for one cent damages. A mo tion was made to set aside the verdict and for a new trial, which was overruled and exception taken. Error is now prosecuted to reverse the judgment of the court in special term.

The plaintiff in error contends, that under the issue made by the pleadings, especially where no time was designated for the completion of the contract, that he had a reasonable time within which to complete the contract, and that this reasonable time was to be measured by the character of the work, the position of the parties, and all the surrounding circumstances. It is the further contention, that if the completion of the contract was to be consummated at a designated time, the parties by mutual consent extended the time to an indefinite period, and that it was incumbent on the defendant to give notice to the plaintiff to justify the stopping of the work.

It is a well settled principle of law, that where no time is agreed upon for the completion of a contract, it must be completed within a reasonable time, under all the circumstances, and that this is a fact for the jury under proper instructions of the court. Nor are we disposed to controvert the law as decided in Moline Mal. Iron Co. v. McDonald, 38 Ills. App., 589:

"Where the time for the performance of a contract was alleged to have been fixed definitely, but subsequent to such time the complaining party wrote the other party urging that such party should complete the work 'as soon as possible,' he thereby waived the right to avoid the contract on the ground that it was not complied with as to the kind of performance, the work having been completed within a reasonable time after plaintiff's letter."

This was substantially the view of the case taken by the trial court.

As to the assignment of error that the court erred in excluding and admitting certain testimony, we see no prejudicial error in the exclusion or admission of evidence as complained of by counsel for plaintiff in error.

It is further urged as a ground of reversal of the judgment, that the court erred in that portion of the general charge which was excepted to, where the court charged the jury "that they could not expect the defendant to wait month after month, and week after week, and permit experiments."

The conc'uding part of this very paragraph complained of, instructs the jury "to consider whether there was acquiescence in this experimental proceeding or not, upon the part of the plaintiff," while the preceding sentence in the charge directs the jury that it is a question of fact for them to determine from all the facts and surrounding circumstances, whether there was a reasonable opportunity given to make the work perfect. The question of notice and acquiescence, as well as all the circumstances of the case, were properly referred to the jury for determination under the instructions of the court, and we find no reason to disturb the verdict.

Judgment affirmed.

Joseph B. Kelley, for plaintiff in error
Louis J. Dolle, contra.